**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,       ) | No.  13-3370M-001-PHX-LOA |
|                                 ) |  |
| Plaintiff,       ) | **ORDER** |
|                                 ) |  |
| vs.                             ) |  |
|                                 ) |  |
| Dervin T. Thomas,               ) |  |
|                                 ) |  |
| Defendant.      ) |  |

This criminal case arises on the Court's probable cause review of three Central Violations Bureau ("CVB") notices served on Defendant, charging him with three Class B misdemeanors, all petty offenses. The crimes allegedly occurred at the Phoenix Veteran's Administration Medical Center ("VA") on August 12, 2013, where Defendant was employed as a janitor. The charges are: 1) Unauthorized Solicitation of Alms and Contributions on Property (Violation Notice No. 2398434, alleging he solicited funds for payment on a monetary loan with another VA employee), in violation of 38 Code of Federal Regulations ("C.F.R.") § 1.281(a)(8); 2) Disorderly Conduct (Violation Notice No. 2398435, alleging he found a twenty dollar bill on the floor of patient's room and asked another employee what he should do with it), in violation of 38 C.F.R. § 1.218 (a)(5); 3) Disorderly Conduct (Violation Notice No. 2398436, alleging he refused to give his name, address, and date of birth to VA investigator), in violation of 38 C.F.R. § 1.218 (a)(5). A conviction on any of these misdemeanors carries a "term of imprisonment of not more than six months," 38 C.F.R. § 1.218 (a), and "a  fine as stated in the schedule" in 38 C.F.R. § 1.218(b).

1  **I. Probable Cause**

2        It is black letter law that a charging document, like a complaint or CVB notice, must
3  set forth sufficient verified facts to support a judicial finding that probable cause exists to
4  believe a crime has been committed and the defendant committed it. *See, e.g.,* the Warrant
5  Clause of the Fourth Amendment, U.S. Const. amend. IV; Rules 4, 5, 9(a) and 58(d)(3),
6  Fed.R.Crim.P. ("[U]pon a showing by [information, complaint, citation or violation notice]
7  of probable cause to believe that an offense has been committed and that the defendant has
8  committed it, the court may issue an arrest warrant or . . . a summons."). If probable cause
9  does not exist, the complaint or CVB notice must be dismissed. *See United States v. Hicks*,
10 2009 WL 256419 (D. Mont. Jan. 9, 2009) (because the violation notice did not set forth facts
11 constituting an offense, the violation notice was dismissed).

12       The purpose of a CVB notice, like a complaint, is to enable a magistrate judge "to
13 determine whether the 'probable cause' required to support a warrant [or summons] exists."
14 *Giordenello v. United States*, 357 U.S. 480, 485-86 (1958) (stating the rules of criminal
15 procedure "must be read in light of the constitutional requirements they implement"). "The
16 [magistrate judge] must judge for himself the persuasiveness of the facts relied on by a
17 complaining officer to show probable cause." *Id.* at 485. "He should not accept without
18 question the complainant's mere conclusion that the person whose arrest is sought has
19 committed a crime." *Id.*

20       The Supreme Court has noted that "[t]he long-prevailing standard of probable cause
21 protects 'citizens from rash and unreasonable interferences with privacy and from unfounded
22 charges of crime,' while giving 'fair leeway for enforcing the law in the community's
23 protection.'" *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (quoting *Brinegar v. United
24 States*, 338 U.S. 160 (1949)). "[P]robable cause is a fluid concept - turning on the
25 assessment of probabilities in particular factual contexts - not readily, or even usefully,
26 reduced to a neat set of legal rules." *Id.* at 370-371 (quoting *Illinois v. Gates*, 462 U.S. 213,
27 232 (1983)).

28       The federal criminal procedural rules and criminal code do not define "probable

cause." Black's Law Dictionary (9th ed. 2009) defines "probable case" as "[a] reasonable ground to suspect that a person has committed or is committing a crime[.]" Case law establishes, however, that in the context of preliminary hearings, "[p]robable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Coleman v. Burnett*, 477 F.2d 1187, 1202 (C.A.D.C. 1973) (citations omitted). In the context of a search under the Fourth Amendment, "[p]robable cause exists where the facts and circumstances within [an officer's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Safford Unified School Dist. No. 1 v. Redding*, 557 U.S. 364, 370 (2009) (citations omitted). For the purpose of an extradition request, "[p]robable cause has been defined as the level of evidence 'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.'" *In re Szepietowski*, 2009 WL 187568, at *8 (E.D.N.Y. 2009) (citations omitted).

Regardless whether it is a complaint, violation notice, or application for a search warrant, "[t]he facts upon which the magistrate [judge] bases his probable cause determination must appear within the four corners of the [charging document or] warrant affidavit[.]" *United States v. Rubio*, 727 F.2d 786, 795 (9th Cir. 1983).

**II. The Charges**

Title 38 C.F.R. § 1.218 addresses security and law enforcement at VA facilities throughout the United States. "The purpose of a VA hospital is, obviously, treating patients." *United States v. Fentress*, 241 F.Supp.2d 526, 531 (D. Md. 2003), affirmed by 69 Fed. Appx. 643, 2003 WL 21711391 (4th Cir. July 24, 2003)). "Somehow we must get the message across to hospital staff that peace and quiet do have some healing benefits[.]" *United States v. Dyers*, 2007 WL 397109, at *8 (N.D. Ga. Jan. 30, 2007) (internal quotation marks and citation omitted). VA Medical Centers constitute "nonpublic fora." *Preminger v. Secretary of Veterans Affairs*, 517 F.3d 1299, 1313 (Fed.Cir. 2008) (citing *United States v. Kokinda*, 497 U.S. 720, 727 (1990)). "For that reason, VA regulations prohibit solicitation in VA

facilities, 38 CFR § 1.218(a)(8), distributing handbills, 38 CFR § 1.218(a)(9), and demonstrations, 38 CFR § 1.218(a)(14)[,]" in addition to disorderly and other prohibited conduct. *Fentress*, 241 F.Supp.2d at 53.

As previously mentioned, Defendant was charged with Unauthorized Solicitation of Alms and Contributions on Property and Disorderly Conduct by violating 38 C.F.R. § 1.218(a)(5) and (8), which provide, in relevant part, as follows:

> a) Authority and rules of conduct. Pursuant to 38 U.S.C. 901, the following rules and regulations apply at all property under the charge and control of VA (and not under the charge and control of the General Services Administration) and to all persons entering in or on such property. . . .
>
> \* \* \* \* \* \*
>
> (5) Disturbances. Conduct on property which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive, or otherwise improper language; or unwarranted loitering, sleeping, or assembly is prohibited. . . .
>
> \* \* \* \* \* \*
>
> 8) Soliciting, vending, and debt collection. Soliciting alms and contributions, commercial soliciting and vending of all kinds, displaying or distributing commercial advertising, or collecting private debts in or on property is prohibited[.]

The few reported decisions addressing unauthorized solicitation and disorderly conduct on VA property are instructive.

"In order to sustain a conviction under 38 C.F.R. § 1.218(a)(5), the government must prove the elements of the offense beyond a reasonable doubt." *United States v. Roper*, 2003 WL 24017061, at \*13 (E.D.N.Y. 2003) The government must prove that the defendant engaged in conduct on VA property which 1) "creates loud or unusual noise[,]" or 2) "unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways or parking lots[,]" or 3) uses "loud, abusive, or otherwise improper language[,]" or 4) constitutes "loitering, sleeping, or assembly." *See* 38 C.F.R. § 1.218(a)(5); *Roper*, 2003 WL 24017061, at \*13; *United States v. Rone*, 2003 WL 723986, \*2 (10th Cir. March 4, 2003). As a general intent crime, "[t]he government need prove no more than that

1  the defendant acted knowingly when he used loud and abusive language or engaged in
2  conduct that obstructed the use of the entrance." *Dyers*, 2007 WL 397109, at *9 (citing *Rone*,
3  2003 WL 723986, at *2 (affirming conviction for violation of 38 C.F.R. § 1.218(a)(5) based
4  on a showing that defendant acted knowingly).

5        The elements of Unauthorized Solicitation of Alms and Contributions on VA property
6  require the government to prove the defendant engaged in: 1) soliciting alms and
7  contributions, or 2) vending of any kind, or 3) displaying or distributing any commercial
8  advertising, or 4) collecting private debts. 38 C.F.R. § 1.218(a)(8)

9        The regulations at issue do not define any of their operative terms. Thus, "[a]s in all
10 statutory construction, unless otherwise defined, words will be interpreted as taking their
11 ordinary, contemporary, common meaning." *Bilski v. Kappos*, __ U.S. __, 130 S.Ct. 3218,
12 3226 (2010) (internal quotation marks and citations omitted); *see also United States v.
13 Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir. 1999) ("Where a statutory term is not defined
14 in the statute, it is appropriate to accord the term its ordinary meaning.") (internal quotation
15 marks and citation omitted). At least two district courts have concluded that the regulation's
16 disorderly conduct terms "loud" and "unusual" "[a]re easily and understandably defined:
17 'Loud' - marked by intensity or volume of sound; 'unusual' - no[t] usual, not common,
18 rare[.]" *United States v. Agront*, 2012 WL 3156774, at *2 (N.D. Cal. Aug. 3, 2012), affirmed
19 by *United States v. Agront*, 2013 WL 1441942 (N.D. Cal. April 9, 2013); *Dyers*, 2007 WL
20 397109, at *8 (quoting Merriam-Webster's Collegiate Dictionary 689 (10th ed. 1999)).

21       In a regulation similar to 38 CFR § 1.218(a)(8), which governs GSA's management
22 of federal buildings and grounds, a district court defined "solicitation" as "[a] process by
23 which the solicitor asks, requests or attempts to persuade an individual to act in a certain
24 manner." *United States v. Friedenthal*, 1997 WL 786371, *3 (S.D.N.Y. Dec. 19, 1997) (41
25 C.F.R. § 101-20.308's[1] prohibits "soliciting" on GSA-controlled property.). In other

---

[1] Title 41 C.F.R. § 101–20.308 prohibits soliciting or vending on property controlled
by the General Services Administration ("GSA") and provides:

contexts, "soliciting alms" has been given the "commonsense definition of begging." *Speet v. Schuette*, 726 F.3d 867, 874 (6th Cir. 2013) The Merriam-Webster Online Dictionary defines the verb "solicit" as "to ask for (something, such as money or help) from people, companies, etc." and the noun "alms" is defined as "money, clothes, food, and other things given to poor people."[2] The noun "contribution" is "a payment (as a levy or tax) imposed by military, civil, or ecclesiastical authorities usually for a special or extraordinary purpose."[3]

**III. Discussion**

Violation Notice No. 2398434 alleges Defendant "solicited funds from staff and engaged in a monetary loan with another VA employee with applied interest while on [VA] property[,]" in violation of 38 C.F.R. § 1.281(a)(8). Specifically, the CVB notice claims "Defendant Thomas frequently engaged in a monetary loan with Employee Ken Fuller wherein interest was charged as part of the monetary loan agreement." Title 38 C.F.R. § 1.281(a)(8) clearly prohibits anyone, whether an employee or patient, from "collecting private debts in or on [VA] property[.]"

While not a model of drafting clarity, and applying a probable cause standard of whether reasonable grounds exist to suspect Defendant committed the charged crime,[4] the VA Officer's allegations establish probable cause that Defendant solicited payment from another VA employee in an attempt to collect on a private debt between them. Probable cause exists in Violation Notice No. 2398434 that Defendant committed the petty offense of Unauthorized Solicitation of Alms and Contributions on VA property as charged.

The other violation notices, however, do not establish probable cause that Defendant

---

Soliciting alms, commercial or political soliciting, and vending of all kinds, displaying or distributing commercial advertising, or collecting private debts on GSA-controlled property is prohibited.

[2] *See* www.merriam-webster.com/dictionary/ (last viewed on October 27, 2013).

[3] *Supra*.

[4] Surprisingly, the Court was unable to locate any federal case law defining the terms "probable cause" when a magistrate judge or district judge considers whether sufficient facts have been alleged in a complaint or a violation notice to authorize the issuance of either.

1 committed the petty offense of Disorderly Conduct. Violation Notice No. 2398435 alleges
2 Defendant "[f]ound a twenty dollar bill on the floor of a . . . patient's room . . . , exited the
3 patient's room . . . , and asked [another VA employee] what he should do with the money."
4 This conduct, according to the VA Officer, constituted Disorderly Conduct and a violation
5 of 38 C.F.R. § 1.281(a)(5). There are no allegations that Defendant used "loud, abusive, or
6 otherwise improper language" in seeking the rightful owner of the twenty dollar bill or
7 somehow Defendant's conduct or speech "[u]nreasonably obstruct[ed] the usual use of
8 entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lot[,]
9 "impede[d] or disrupt[ed] the performance of official duties" of the other VA employee; or
10 "prevent[ed]" a VA patient "from obtaining medical or other services provided on the
11 property in a timely manner." Instead of being commended for attempting to return the
12 money to its rightful owner and not simply putting it in his pocket, the VA Officer charged
13 Defendant with a crime that carries a prison sentence of up to six months. Applying the same
14 reasonable-grounds-to-believe standard discussed herein, there is no probable cause to
15 support this violation notice that Defendant committed Disorderly Conduct.

16 Violation Notice No. 2398436 is even more obtuse than the previous Disorderly
17 Conduct citation. It alleges Defendant refused to give his name, address, and date of birth to
18 a VA investigator and, thereby, Defendant committed the crime of Disorderly Conduct,
19 violated 38 C.F.R. § 1.218 (a)(5), and, as this CVB Violation Notice informs, apparently
20 authorized the VA police to arrest Defendant. According to this CVB Violation Notice, after
21 Defendant was arrested, he provided the VA police with his name, address, and date of birth.
22 Nevertheless, the VA police issued a violation notice, charging Defendant with Disorderly
23 Conduct.

24 This Violation Notice does not explain how Defendant's exercise of his 5th
25 Amendment right to remain silent "create[d] loud or unusual noise[,]" or "unreasonably
26 obstruct[ed] the usual use of entrances, foyers, lobbies, corridors, offices, elevators,
27 stairways or parking lots[,]" or constituted either "loud, abusive, or otherwise improper
28 language[,]" or "loitering, sleeping, or assembly." Indeed, a person is not required to give

- 7 -

1. a police officer his name, address, and date of birth or "[a]nswer any question put to him;
2. indeed, he may decline to listen to the questions at all and may go on his way." *Florida v.*
3. *Royer*, 460 U.S. 491, 498 (1983) (citing *Terry v. Ohio*, 392 U.S. 1, 32-33 (1968)). "[A]n
4. officer may not arrest a suspect for failure to identify himself if the request for identification
5. is not reasonably related to the circumstances justifying the stop." *Hiibel v. Sixth Judicial*
6. *District Court of Nevada*, 542 U.S. 177, 188 (2004). Applying the same reasonable-grounds-
7. to-believe standard discussed herein, probable cause does not exist to support this violation
8. notice that Defendant committed Disorderly Conduct.

     Based on the foregoing,

     **IT IS ORDERED** that Violation Notices No. 2398435 and No. 2398436 are **DISMISSED** without prejudice for lack of probable cause.

     **IT IS FURTHER ORDERED** that the Final Pretrial Conference set for November 18, 2013 at 2:00 p.m. before the undersigned Magistrate Judge on Violation Notice No. 2398434 is hereby **AFFIRMED**.

     Dated this 28th day of October, 2013.

*[Signature]*
Lawrence O. Anderson
United States Magistrate Judge